BRAMNICK RODRIGUEZ GRABAS ARNOLD & MANGAN, LLC
Richard M. Brockway, Esq. (ID#: 012611977)
1827 East Second Street
Scotch Plains, NJ 07076
(908) 322-7000
Attorneys for Plaintiff, Ryder Sevajian

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYDER SEVAJIAN,<br><br>Plaintiff,<br>v.<br>CITY OF JERSEY CITY, ERIK O. CASTRO, Individually and in his official capacity as a police officer of the City of Jersey City, MICHAEL KELLY, individually and in his capacity as police chief of the City of Jersey City Police Department, and JOHN DOES 1-20 (a fictitious name) for presently unknown agents, members, supervisors, commissioners and deputy chiefs.<br><br>Defendants. | Civil Action No.: 2:20-cv-01591<br><br>**Civil Action**<br><br>**SECOND AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, Ryder Sevajian, by and through his attorneys, Bramnick, Rodriguez, Grabas, Arnold & Mangan, LLC, by way of Complaint against the defendants, states:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §1331 and 143. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

2. The venue in this district is proper because, upon information and belief, all defendants either reside in or are located in the district and all events took place in the district.

## PARTIES

3. Plaintiff, Ryder Sevajian, is a competent adult, a citizen of the United States and currently resides at 383 E. Ridgewood Avenue, in the Borough of Paramus, County of Bergen and State of New Jersey.

4. Defendant, City of Jersey City (the "City") is and was at all times relevant to this Complaint, a municipality organized under the laws of the State of New Jersey.

5. Defendant, Erik O. Castro, is a municipal employee in the position of police office for the City of Jersey City Police Department (hereinafter "Department"), an administrative arm of the City entrusted with certain responsibilities, among others, enforcing federal, state and local laws and ordinances.

6. The purported mission statement of the Department, is to treat all people with the highest degree of respect and dignity; to act fairly, impartially and equitably, and through courteous interaction with the public to ensure the constitutional guarantees of all persons.

7. Defendant, Michael Kelly, is a municipal employee in the position of police chief for the Department.

8. JOHN DOES 1-20 are fictitious names for any and all presently unknown persons who were at all times relevant to this complaint, agents, representatives and/or employees of the Department, who were involved or

in any way responsible for the events described in this complaint. They are being sued both individually and in their official capacities.

## NATURE OF ACTION

9. This is an action for compensatory and punitive damages, for violations of Plaintiff's constitutional and civil rights, for assault and battery, for negligent and intentional infliction of severe physical injury and emotional harm.

## FACTUAL ALLEGATIONS

10. In the early morning hours of August 19, 2018, Plaintiff and several friends were lawfully walking along First Street in Hoboken, New Jersey, when a verbal dispute arose between Plaintiff and his friends and another group of people.

11. At that place and time, although off duty, Defendant, Erik O. Castro, identified himself as a police officer, and pursuant to a duty imposed by Department regulations regarding conduct of off-duty officers, intervened in this third-party dispute and violently assaulted the Plaintiff.

12. At all times relevant, Defendant, Erik O. Castro, was acting under color of state law, and in such capacity, as an agent, servant and employee of the City.

13. As a result of Castro's violent, blind-sided assault, Plaintiff suffered injuries including but not limited to a comminated fracture of the right orbital floor and maxillary sinus wall; subarachnoid hemorrhages with post concussion

syndrome including headaches, cognitive disfunction and loss of taste and smell.

14. Following the vicious assault, Defendant, Erik O. Castro, was arrested by Hoboken Police and charged with aggravated assault. He was subsequently indicted by a Hudson County grand jury and was temporarily suspended from his job without pay by the City of Jersey City.

15. Defendant, Erick O. Castro, subsequently pleaded guilty to a lesser offense.

16. For years prior to August 19, 2018, the Department's Internal Affairs Unit (IAU) was charged with responsibility to investigate allegations of misconduct and to meet out appropriate discipline to insure compliance with departmental rules, regulations and policies by its police officers, including use of force.

17. However, according to Professional Standards Summary Report Forms issued by the N.J. Division of Police, from 2013 to 2019 the IAU received 206 excessive force complaints, 51 improper arrest complaints and forty-nine (49) differential treatment complaints. Only two (2) excessive force complaints were sustained (less than 1%) and no improper arrest or differential treatment complaints were sustained.

18. In addition, a recent investigation performed by N.J. Advance Media into police use of force in New Jersey, revealed that Jersey City police officers were dramatically underreporting incidents of use of force in performing arrests. In response to N.J. Advance Media's investigation, police chief Michael Kelly, promised additional training for all officers.

19. As a result of the shortcomings of the IAU's policies and procedures, and the manifest inadequacy of the IAU's investigations, the Jersey City Anti-Violence Coalition and other community activists called for the creation of a Civilian Complaint Review Board to track, investigate and implement consequences for police misconduct.

20. In response to those calls for reform, and in an effort to restore trust between police and residents and to assure that officers are accountable for misconduct in the future, the Municipal Council of the City of Jersey City adopted an ordinance creating a Civilian Complaint Review Board.

21. In June of 2020, responding to peaceful protests against police misconduct in Jersey City and in an effort to rectify perceived wrongs in the IAU's policies and procedures, Mayor Steve Fulop vowed to review and reform police use of force policies, including limiting use of chokeholds and mandating that officers intervene when another office is clearly using force in violation of state law.

22. The failure of the IAU to adequately investigate and discipline officers accused of excessive force in the years preceding August 19, 2018, represented omissions and systematic failures, and constituted customs and policies which implicitly condoned, acquiesced or permitted police officers to misuse force on duty by fostering a belief that complaints of illegal use of force would not be honestly or properly investigated. The foreseeable result was that officers were likely to use improper and excessive force, and resulted in the application of

indiscriminate excessive force by Erick O. Castro towards the Plaintiff who was assaulted and battered in violation of his constitutional rights.

23. The aforementioned lack of training, discipline and supervision virtually guaranteed abusive officers impunity and led directly to the unprovoked assault by Officer Castro on the Plaintiff, and innocent victim, in violation of his constitutional rights.

24. As a direct and proximate result of said assault, Plaintiff, Ryder Sevajian, was caused to suffer injuries, has and will be compelled to seek medical treatment; has and will be incapacitated from his normal activities; has incurred out-of-pocket expenses, including but not limited to medical bills, loss wages and other out-of-pocket expenses; and has suffer pain and will suffer in the future.

25. In accordance with the provisions of the New Jersey Tort Claims Act, Plaintiff filed a Notice of Claim with the defendants, stating the basic facts giving rise to this cause of action.

26. It has been more than six (6) months from the date the Plaintiff's Notice of Claim was filed.

## FIRST COUNT
### (Against Erik O. Castro)
### (Assault and Battery)

27. Plaintiff repeats the allegations in paragraphs 1-15 inclusive as if set forth fully herein.

28. At the time and place aforesaid, Erik O. Castro, assaulted and battered Plaintiff with malicious intent and with an aim to seriously harming the Plaintiff and inflicting severe and serious physical and psychological injury upon him.

29. The injuries which Plaintiff sustained as a direct and proximate result of the actions of Erik O. Castro have had a detrimental impact upon his physical and mental wellbeing, have caused him great pain and suffering and required him to spend substantial sums of money for medical treatment and will do so in the future. The actions of defendant, Erik O. Castro, were intentional, wanton, malicious and oppressive entitling Plaintiff an award of punitive damages.

## SECOND COUNT
### (Against the City, Police Chief Michael Kelly and John Does 1-20)
### (Negligent Hiring)

30. Plaintiff repeats the allegations of Paragraphs 1-18 inclusive as if set forth fully herein.

31. At no time, either prior to employment of Erik O. Castro or to assignment of duties whereby it was foreseeable that he would be required to interact with members of the public, did the defendants take reasonable steps to ascertain

whether Castro was emotionally capable of performing such duties and did not have a propensity towards violence or aggressive behavior against individuals he was likely to encounter in those settings, thereby reflecting a deliberate indifference to Castro's history of assaultive behavior and tendencies toward impulsive aggression.

32. As a direct and proximate result of the negligent employment and/or hiring by the defendants, Plaintiff was assaulted and battered by Erik O. Castro and suffered severe and permanent physical and psychological injuries, great pain and suffering, great emotional stress and mental anguish, and incurred a substantial depravation of civil and constitutional rights.

## THIRD COUNT
### (Against the City, Police Chief Michael Kelly and John Does 1-20)
### (Failure to Train and Supervise)

33. Plaintiff repeats the allegations in paragraphs 1-21 inclusive as if set forth fully herein.

34. Prior to August 19, 2018, Defendants grossly failed to train its police officers, including Erik O. Castro, in fundamental law enforcement procedures, including the use of force.

35. In failing to do so, the defendants permitted, encouraged, tolerated and ratified a pattern of practice of unjustified, unreasonable and illegal behavior by its police officers in the use of excessive force.

36. Prior to August 19, 2018, the defendants failed to discipline, prosecute or in any manner deal with known incidents of wrongful behavior by its police officers with respect to the use of excessive force.

37. The foregoing acts, omissions and systematic failures are customs and policies of the defendant and cause police officers on their force to believe that the use of force and the amount of allowable legal force was within their discretion and that complaints of illegal use of force would not be honestly or properly investigated, with the foreseeable result that officers would be likely to use improper and excessive force.

38. The failure to address the foregoing issues through training and supervision constituted deliberate indifference to the constitutional rights of the citizens of the State of New Jersey and led directly to the application of indiscriminate excessive force by Erik O. Castro towards the Plaintiff who was assaulted and battered in violation of his constitutional rights.

39. The aforementioned lack of training and supervision represent systematic failures, which are customs and policies of the City and the Department which led directly to the unprovoked assault upon the Plaintiff, an innocent victim, in violation of his constitutional rights.

## FOURTH COUNT

### (Against the City)

### (Monell Claim for Unconstitutional Official Policy Pursuant to 42 U.S.C. §1983)

40. Plaintiff repeats the allegations of paragraphs 1-28 inclusive as if set forth fully herein.

41. Defendant, acting under color of state law, willfully, intentionally, knowingly and concertedly deprived Plaintiff is his rights, privileges and immunities secured by the Constitution and the laws of the United States of America, including the Fourth and Fourteenth Amendments;

    (a) Needlessly and unreasonably subjecting to assault and battery;

    (b) Implementing, maintaining and tolerating practices, policies and customs which resulted in the illegal actions against the Plaintiff and proximately caused Plaintiff's injuries as heretofore alleged.

42. The aforesaid actions are in violation of 42 U.S.C. §1983 and the Constitution of the United States of America.

## PRAYER FOR RELIEF

43. Plaintiff repeats the allegations of paragraphs 1-31 inclusive as if set forth fully herein.

44. Plaintiff demands judgment against all defendants and each of them, jointly and severally as follows:

    (a) Where applicable, Plaintiff demands judgment for compensatory damages;

    (b) Where applicable, Plaintiff demands judgment for punitive damages and exemplary damages and any and all other damages allowed by law.

(c) Plaintiff demands judgment for all equitable and other relief as the Court deems just and proper.

(d) Plaintiff demands judgment for attorney's fees with interests and costs of suit.

BRAMNICK RODRIGUEZ GRABAS<br>
ARNOLD & MANGAN, LLC<br>
Attorneys for Plaintiff<br>
By: _____<br>
RICHARD M. BROCKWAY

Dated: February 9, 2021

## JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues so triable.

BRAMNICK RODRIGUEZ GRABAS<br>
ARNOLD & MANGAN, LLC<br>
Attorneys for Plaintiff<br>
By: _____<br>
RICHARD M. BROCKWAY

Dated: February 9, 2021